## Case No. 3,936.

### DIXON v. WATERS.

[2 Cranch, C. C. 527.][1]

Circuit Court, District of Columbia. Dec. Term, 1824.

COMPETENCY OF WITNESSES—REPLEVIN—LANDLORD'S BAILIFF.

If the defendant in replevin be the bailiff of the landlord, and is indemnified by him, he may be examined as a witness in the cause. Quaere.

[Cited in Hilton v. Beck, Case No. 6,509.]

Replevin; avowry for rent arrear.

Mr. Ashton, for defendant, moved the court to substitute Mr. Van Ness for the defendant Waters, the latter being only the bailiff of the former in a distress for rent.

The court refused (nem. con.), but on the trial, being pressed by the case of Wise v. Bowen [Case No. 17.905], decided at April term, 1821, the court (Morsell [Circuit Judge], contra) permitted the defendant, Waters, to testify as a witness. not perceiving any material difference in principle between this case and that of Wise v. Bowen, on that point. In that case the defendant, Bowen, a constable, had taken the property in execution. The plaintiff claimed the property and replevied it. The officer, upon receiving indemnity from the plaintiff in the execution, was permitted by the court to testify for himself (Cranch, Chief Judge, doubting).

MORSELL, Circuit Judge, said that he had concurred in the opinion of the court in the case of Wise v. Bowen [supra], because the officer was obliged. after receiving the indemnity, to take the goods in execution, and was merely a formal party to the suit, which differs in that case from this, where the defendant is a voluntary bailiff, and not bound by official duty to make the distress.

CRANCH, Chief Judge, said that he should probably have been of the same opinion with MORSELL, J., if he had known that he did not concur with THRUSTON, J., in the present case; as he had doubted of the propriety of the opinion in the case of Wise v. Bowen; and thought the point ought to be reconsidered.

Verdict for the plaintiff.